No. 21-60285

# IN THE
# UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

TESLA, INC.,
Petitioner & Cross-Respondent

v.

NATIONAL LABOR RELATIONS BOARD,
Respondent & Cross-Petitioner

INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE AND
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA, AFL–CIO (UAW)
Petitioner

v.

NATIONAL LABOR RELATIONS BOARD,
Respondent

## On Appeal from
National Labor Relations Board
32-CA-197020, 32–CA–197058, 32–CA–197091, 32–
CA–197197, 32–CA–200530, 32–CA–208614, 32–
CA–210879 & 32–CA–220777

## MOTION FOR LEAVE TO INTERVENE

SCHWARTZ, STEINSAPIR, DOHRMANN & SOMMERS LLP
MARGO A. FEINBERG      DANIEL E. CURRY
6300 Wilshire Boulevard, Suite 2000, Los Angeles, CA 90048
Telephone:  (323) 655-4700  Facsimile:  (323) 655-4488
Email:  margo@ssdslaw.com dec@ssdslaw.com
Attorneys for Proposed Intervenors International Union, United Automobile,
Aerospace and Agricultural Implement Workers of America, AFL-CIO (UAW)

International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL–CIO ("UAW") moves for leave to intervene in support of the Respondent National Labor Relations Board and opposed to Petitioner Tesla, Inc. in Case No. 21-60285 pursuant to Rule 15(d) of the Federal Rules of Appellate Procedure and Rule 15.5 of the Fifth Circuit.

Petitioner Tesla Inc. filed a Petition to Review the Order of the National Labor Relations Board ("NLRB" or "Labor Board") entered on March 25, 2021 in Case No. 32-CA-197020, *et al*. UAW was the charging party in the administrative proceedings, in which the NLRB ordered Tesla to cease and desist and engage in certain affirmative actions. UAW has a significant interest in this action in that a decision of this Court setting aside or modifying the portions of the NLRB's decision challenged by Tesla would materially affect its members' right to engage in concerted activity protected under § 7 of the National Labor Relations Act.

Under FRAP Rule 15(d) and Fifth Circuit Rule 15.5, an interested party may move to intervene before the Fifth Circuit Court of Appeals. In *International Union v. Scofield*, 382 U.S. 205, 208 (1965), the Supreme Court held: "[B]oth the successful charged party . . . and the successful charging party. . . have a right to intervene in the Court of Appeals proceeding which reviews or enforces Labor Board orders." Here, UAW, the applicant for intervention, was in part the successful charging party before the NLRB.

UAW has also filed its own Petition to Review the NLRB's order in Case No. 32-CA-197020, *et al*. The UAW originally filed its Petition in the Ninth Circuit, *UAW v. NLRB,* Case No. 21-70792, but the US Judicial Panel on Multidistrict Litigation has moved this proceeding to the Fifth Circuit and consolidated it with Case No. 21-60285. However, UAW's Petition relates only to a small portion of the NLRB's order where UAW was the unsuccessful party. These portions do not overlap with the portions of the Order that Tesla objects to in its Petition. UAW files this motion in order to ensure it has the right, as an intervenor, to file an answering brief in response to Tesla's Opening Brief in this matter. At the Court's option, UAW would be willing to file one combined Answering & Opening Brief.

Because of the unusual procedural circumstances of this proceeding, this motion was not filed within 30 days of Tesla's Petition to Review. It was not initially known into which Circuit these cases would be consolidated, and following consolidation, the need to intervene was not initially apparent. No party will be prejudiced by the granting of this motion. The NLRB filed the record in this matter only five days ago., on May 20, 2021, and Tesla's Opening Brief is not due until June 30, 2021. Thus, this motion is "not later than 14 days prior to the due date of the brief of the party supported by the intervenor." (Fifth Circuit Rule 15.5) The UAW will be supporting the National Labor Relations Board.

For these reasons, UAW requests its motion for leave to intervene be granted.

DATED:  May 25, 2021

SCHWARTZ, STEINSAPIR, DOHRMANN
  & SOMMERS LLP
MARGO A. FEINBERG
DANIEL E. CURRY


By      /s/Daniel E. Curry
           DANIEL E. CURRY
          Attorneys for UAW

# CERTIFICATE OF COMPLIANCE

1.  This document complies with the type-volume limit of FED. R. APP. P. 27(d)(2)(A) because this document contains 676 words in total.

2.  This document complies with the typeface requirements of FED. R. APP. P. 27(d)(1)(E), 32(a)(5), and 5th CIR. R32.1 and the type-style requirements of FED. R. APP. P. 32(a)(6) because: this document has been prepared in a proportionally spaced typeface using Microsoft Office 2019 in Times Roman Numeral font size 14.

DATED:  May 25, 2021

> SCHWARTZ, STEINSAPIR, DOHRMANN
>   & SOMMERS LLP
> MARGO A. FEINBERG
> DANIEL E. CURRY
>
> By _____ /s/Daniel E. Curry _____
>          DANIEL E. CURRY
>          Attorneys for UAW

<u>CERTIFICATE OF SERVICE</u>

I, the undersigned, certify and declare that I am a citizen of the United States, over the age of eighteen years, employed in the County of Los Angeles, State of California, and not a party to this action. On May 25, 2021, I served a true copy of **MOTION FOR LEAVE TO INTERVENE**

 X  By electronically filing a true and correct electronic copy thereof via the Court's CM/ECF electronic filing system, which will send notification of such filing to the following:

Kira Dellinger Vol
Ruth E. Burdick
Micah Prieb Stoltzfus Jost
National Labor Relations Board
1015 Half Street, S.E.
Washington, DC 20570

Michael E. Kenneally
David Bruce Salmons
Morgan, Lewis & Bockius, L.L.P
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004

John Clay Sullivan
Morgan, Lewis & Bockius, L.L.P.
1717 Main Street, Suite 3200
Dallas, TX 75201

 X    BY E-MAIL: Instead of placing a copy of the document in a sealed envelope, I sent a copy of the above-described document(s) via e-mail to the individual(s) set forth below

Timothy L. Watson
National Labor Relations Board, Region 16
819 Taylor Street, Room 8A24
Fort Worth, TX 76102-6178
E-mail: Timothy.Watson@nlrb.gov

I hereby certify that I am employed in the office of a member of the Bar of this Court at whose direction the service was made.

Executed on May 25, 2021 at Los Angeles, California.

*Renee Carnes*

_____
RENEE CARNES