**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

Tesla, Incorporated,

    *Petitioner Cross-Respondent*

International Union, United
Automobile, Aerospace and
Agricultural Implement Workers
of America, AFL-CIO,

    *Petitioner*

    v.

National Labor Relations Board,

    *Respondent Cross-Petitioner*

No. 21-60285

## TESLA'S RESPONSE TO THE UAW'S MOTION TO INTERVENE AND CONDITIONAL CROSS-MOTION TO INTERVENE

In accordance with Federal Rules of Appellate Procedure 15(d) and 27(a)(3) and Fifth Circuit Rule 15.5, Petitioner/Cross-Respondent Tesla, Inc. hereby responds to the motion to intervene filed by Petitioner International Union, United Automobile, Aerospace and Agricultural Implement Workers of America, AFL-CIO ("UAW") and conditionally cross-moves for leave to intervene.

Tesla agrees with the UAW that in National Labor Relations Board appeals, successful charging parties and successful charged parties alike have a right to intervene to defend a Board order. *See* UAW Mot. 2 (citing *Int'l Union, UAW, Local 283 v. Scofield*, 382 U.S. 205, 208 (1965)). By the same principle, charging and charged parties that succeeded only partially before the Board should be able to defend the portions of the Board order on which they were successful, even when they petition for review of the portions of the order on which they were not successful. *See Scofield*, 382 U.S. at 210 (describing such "hybrid situation[s]").

Tesla believes that it and the UAW could adequately vindicate their interests in defending portions of the Board's order in the reply briefs that they will file in their capacities as Petitioners in this proceeding, and could move for leave to file overlength reply briefs if needed. But Tesla has no objection to allowing each Petitioner to file an intervenor's brief in support of the Board within seven days of the Board's response brief, *see* 5th Cir. R. 31.2, separate from Petitioners' opening and reply briefs.

Both Petitioners, however, should be on equal footing in this appeal. The UAW should not be able to file a "combined Answering & Opening Brief," *see* UAW Mot. 3, after Tesla files its opening brief. Nor should the

UAW be able to file more briefs than Tesla. So if the Court grants the UAW's motion to intervene and file a separate intervenor's brief, Tesla respectfully requests that it too be allowed to intervene and file a separate intervenor's brief.

Like the UAW's motion to intervene, this conditional cross-motion to intervene is timely under Fifth Circuit Rule 15.5 because the Board's response brief is currently due more than 14 days from now.

In accordance with Fifth Circuit Rule 27.4, Tesla states that its counsel contacted counsel for the UAW and the Board and that neither party intends to oppose Tesla's conditional cross-motion.

Dated: May 27, 2021

Respectfully submitted,

s/ Michael E. Kenneally

John C. Sullivan
MORGAN LEWIS & BOCKIUS LLP
1717 Main Street, Suite 3200
Dallas, TX 75201
(214) 466-4000

David B. Salmons
Michael E. Kenneally
David R. Broderdorf
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739-3000

*Counsel for Tesla, Inc.*

**CERTIFICATE OF SERVICE**

I certify that on this 27th day of May, 2021, a true and correct copy of the foregoing was filed electronically and served on counsel of record for all other parties through this Court's CM/ECF system:

Ruth E. Burdick
Micah P. S. Jost
Kira Dellinger Vol
NATIONAL LABOR RELATIONS BOARD
1015 Half Street, S.E.
Washington, DC  20570
appellatecourt@nlrb.gov
micah.jost@nlrb.gov
kira.vol@nlrb.gov

*Counsel for Respondent*
*National Labor Relations Board*

Daniel E. Curry
Margo A. Feinberg
SCHWARTZ, STEINSAPIR,
   DOHRMANN & SOMMERS LLP
6300 Wilshire Boulevard
Suite 2000
Los Angeles, CA  90048
dec@ssdslaw.com
margo@ssdslaw.com

*Counsel for Petitioner*
*International Union, United*
*Automobile, Aerospace and*
*Agricultural Implement Workers*
*of America, AFL-CIO*


s/ Michael E. Kenneally
Michael E. Kenneally

*Counsel for Tesla, Inc.*

# CERTIFICATE OF COMPLIANCE

1.      This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the motion exempted by Federal Rules of Appellate Procedure 27(a)(2)(B) and 32(f), this document contains 382 words.

2.      This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 365 in 14-point Century Schoolbook font.

Dated:  May 27, 2021                     s/ Michael E. Kenneally
                                         Michael E. Kenneally

                                         *Counsel for Tesla, Inc.*