No. 21-60285

# In the United States Court of Appeals for the Fifth Circuit

TESLA, INCORPORATED,
*Petitioner/Cross-Respondent*,

INTERNATIONAL UNION, UNITED AUTOMOBILE,
AEROSPACE AND AGRICULTURAL IMPLEMENT WORKERS
OF AMERICA, AFL-CIO,
*Petitioner*,

v.

NATIONAL LABOR RELATIONS BOARD,
*Respondent/Cross-Petitioner*.

───────────────

On Petitions for Review and Cross-Application for Enforcement
of an Order of the National Labor Relations Board

───────────────

**Unopposed Motion of the New Civil Liberties Alliance
to File a Brief as *Amicus Curiae* in Support of
Petitioner/Cross-Respondent Tesla, Incorporated**

───────────────

September 6, 2023

SHENG LI
KARA ROLLINS
MARGOT J. CLEVELAND
**NEW CIVIL LIBERTIES ALLIANCE**
1225 19th St. NW, Suite 450
Washington, DC 20036
(202) 869-5210
Sheng.Li@NCLA.legal

*Counsel for Amicus Curiae*

The New Civil Liberties Alliance (NCLA) hereby moves for leave to file a brief as *amicus curiae* in support of Petitioner/Cross-Respondent Tesla, Inc. Pursuant to Fed. R. App. P. 29, counsel for NCLA states that no party opposes the filing of this brief. Further, no party's counsel authored any part of this brief and no person other than amici made a monetary contribution to fund its preparation or submission.

NCLA is a nonpartisan, nonprofit civil-rights organization devoted to defending constitutional freedoms from the administrative state's depredations. The "civil liberties" of the organization's name include rights at least as old as the U.S. Constitution itself: such as trial by jury, due process of law, and the right to live under laws made by the nation's elected lawmakers through constitutionally prescribed channels. Yet these selfsame rights are also very contemporary—and in dire need of renewed vindication—because Congress, federal administrative agencies such as the National Labor Relations Board ("NLRB" or "Board"), and even sometimes the courts have neglected them for so long.

Although Americans still enjoy the shell of their Republic, that neglect has led to the development within it a very different sort of government—a type, in fact, that the Constitution was designed to prevent. This unconstitutional administrative state within the Constitution's United States is the focus of NCLA's concern.

NCLA aims to defend civil liberties, primarily by reasserting constitutional constraints on the administrative state, through original litigation, *amicus curiae* briefs, and other means of advocacy. NLRB's decision in *Tesla, Inc.*, 370 NLRB No. 101 (Mar.

25, 2021), proves especially concerning to NCLA because the Board's decision—affirmed by the panel in *Tesla, Inc. v. NLRB*, 63 F.4th 981 (5th Cir. 2023) (*per curiam*)—that Tesla violated Section 8(a)(1) of the National Labor Relations Act relied on NLRB's faulty analysis and conclusion in *FDRLST Media, LLC*, 370 NLRB No. 49 (Nov. 24, 2020). ROA.6222.

NCLA represented FDRLST Media, LLC before the Board and in its appeal to the United States Court of Appeals for the Third Circuit, which set aside NLRB's order as violative of FDRLST Media's First Amendment rights. *FDRLST Media, LLC v. NLRB*, 35 F.4th 108, 127 (3d Cir. 2022). In upholding NLRB's decision against Tesla, the panel decision failed to consider *FDRLST Media*'s important analysis of an employer's right to free speech. This Court should follow the Third Circuit's approach in *FDRLST Media* and consider the entire context of Musk's tweet, including the mode of communication.

NCLA further submits that no deference is owed to NLRB's flawed interpretation of the First Amendment, as to defer would be to eschew the fundamental duty of the judiciary "to say what the law is." At the very least, this Court should follow *Mexican Gulf Fishing Co. v. U.S. Dep't of Com.*, 60 F.4th 956 (5th Cir. 2023)—where NCLA also represented the plaintiffs—to hold that the canon of constitutional avoidance precludes deference to an agency's unconstitutional interpretation.

Accordingly, NCLA respectfully requests leave to file the brief amicus curiae that accompanies this motion.

Dated: September 6, 2023        Respectfully submitted,

*/s/ Sheng Li*
SHENG LI
KARA ROLLINS
MARGOT J. CLEVELAND
**NEW CIVIL LIBERTIES ALLIANCE**
1225 19th St. NW, Suite 450
Washington, DC 20036
(202) 869-5210
Sheng.Li@NCLA.legal

*Attorneys for* Amicus Curiae

## CERTIFICATE OF SERVICE

I hereby certify that on September 6, 2023, I electronically filed this *amicus curiae* brief with the Clerk of this Court using the CM/ECF system, which will send notice of such filing to all counsel of record.

Dated: September 6, 2023

*/s/ Sheng Li*
SHENG LI

## CERTIFICATE OF COMPLIANCE WITH RULE 32(a)

This motion for leave to file a brief as *amicus curiae* complies with the type-volume limitation of Fed. R. App. P. 27 because it contains 506 words.

This motion also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Garamond in 14-point font.

Dated: September 6, 2023

>                   */s/ Sheng Li*
>                   SHENG LI

## ECF CERTIFICATION

I hereby certify that (i) the required privacy redactions have been made pursuant to CA5 R. 25.2.13; (ii) this electronic submission is an exact copy of the paper document pursuant to CA5 R. 25.2.1; (iii) this document has been scanned for viruses with the most recent version of a commercial virus scanning program and is free of viruses; (iv) the original paper document was signed by the attorney of record and will be maintained for a period of three years after mandate or order closing the case issues, pursuant to CA5 R. 25.2.2.

*/s/ Sheng Li*
SHENG LI